28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin WILLIAMS, Defendant-Appellant.
 No. 93-10524.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Williams appeals his conviction following a jury trial for being a felon in possession of ammunition in violation of 18 U.S.C. Sec. 922(g)(1). Williams contends that the prosecutor improperly vouched for the credibility of the key witness, thereby violating his right to a fair trial. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Because Williams did not object contemporaneously to the prosecutor's remarks, we review for plain error. See United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993).
 
 
 4
 " 'As a general rule, a prosecutor may not express ... his belief in the credibility of government witnesses.' " Id. (quoting United States v. Molina, 934 F.2d 1440, 1444 (9th Cir.1991)). "Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity...." Id. To determine whether improper vouching requires reversal, we consider
 
 
 5
 the form of vouching; how much the vouching implies that the prosecutor has extra-record knowledge of or the capacity to monitor the witness's truthfulness; any inference that the court is monitoring the witness's veracity; the degree of personal opinion asserted; the timing of the vouching; the extent to which the witness's credibility was attacked; the specificity and timing of a curative instruction; the importance of the witness's testimony and the vouching to the case overall. When reviewing for plain error, we then balance the seriousness of the vouching against the strength of the curative instruction and closeness of the case.
 
 
 6
 Id. at 1278.
 
 
 7
 Williams argues that the prosecutor vouched for credibility of Demetra Owens by beginning his summation as follows:
 
 
 8
 If you believe [Owens'] testimony, as corroborated by the other evidence, you should find the defendant guilty. If you feel that Demetra Owens came into this courtroom, which the United States does not feel that way, but if you feel and conclude that she came in here and lied about what happened, then the defendant is not guilty.
 
 
 9
 (emphasis added). Later, the prosecutor mentioned "the riveting testimony-- and I found it riveting --the riveting testimony of Demetra Owens." (emphasis added).
 
 
 10
 We agree with Williams that the first statement was vouching because it placed the prestige of the government behind Owens' testimony. See United States v. Kerr, 981 F.2d 1050, 1053 (9th Cir.1992) ("I think he was very candid" was vouching). The second statement, characterizing Owens' testimony as "riveting," improperly conveyed the prosecutor's "individual impressions of the evidence." See Kerr, 981 F.2d at 1053; e.g., United States v. Williams, 989 F.2d 1061, 1071-72 (9th Cir.1993) (comment that "I think there's no question in my mind from the testimony of these two defendants [that] there is an agreement between the two" constituted prosecutorial vouching).
 
 
 11
 Even though we agree that the two comments constituted vouching, we do not agree that they amount to plain error. The district court gave general jury instructions that attorneys' arguments were not evidence and that the jury was the sole judge of credibility. See Necoechea, 986 F.2d at 1280. Although Owens' testimony was critical to the government's case, Williams' attacked her credibility extensively during cross-examination and in closing argument, for example, by highlighting the inconsistencies between her testimony and prior statements. See id. Moreover, the general tenor of the prosecutor's summation was that Owens' behavior was consistent with someone telling the truth and that her testimony, although important to the government's case, was corroborated by other evidence. The prosecutor neither suggested that he knew of facts outside the record nor invoked the court's authority. Cf. Kerr, 981 F.2d at 1053. Even considering that the jury initially had difficulty reaching a verdict and was unable to reach a decision on a separate count, on this record, we conclude that the mild vouching did not amount to plain error. See Necoechea, 986 F.2d at 1280-81.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3